Submitted May 11, affirmed June 15, 1966

## GIDLEY *v.* GLADDEN

415 P. 2d 513

No appearance for respondent.

### PER CURIAM.

Petitioner appeals in propria persona from an order denying post-conviction relief from a penitentiary sentence imposed upon him following his plea of guilty of rape upon his daughter. The petition alleges (1) that by reason of lies, threats, and promises by deputy sheriffs and a district attorney, petitioner was induced to waive his right to a grand jury hearing and to plead guilty, and (2) that the trial judge did not advise him of his right to a grand jury hearing

or his right to counsel. Upon conclusion of the post-conviction hearing the court found:

"1. Petitioner James Wethal Slater Gidley, before he entered his plea of guilty, knew the meaning and consequences of a plea of guilty, and he knew the meaning of the charge of rape upon a daughter, and he knew the circumstances of the charge against him.

"2. Petitioner James Wethal Slater Gidley freely, voluntarily, knowingly and understandingly waived his right to counsel, to grand jury investigation, and his right to trial by jury, and he freely, voluntarily, knowingly, and understandingly entered his plea of guilty to the charge of rape upon a daughter.

"3. The District Attorney and the police officers of Linn County and the trial judge of the Circuit Court for Linn County properly advised the petitioner, James Wethal Slater Gidley, of the charge against him and of his legal and constitutional rights which they properly protected.

"4. Neither the trial court, the district attorney, nor the police authorities induced petitioner, James Wethal Slater Gidley, to enter his plea of guilty or to waive any of his constitutional rights, and the plea of guilty by petitioner was validly and legally entered and received.

"5. The proceedings in the Circuit Court of the State of Oregon for the County of Linn in case No. 28523; State of Oregon v. James Wethal Slater Gidley, were proper, legal and valid and none of the state or federal constitutional rights of James Wethal Slater Gidley were violated or denied."

After notice of appeal was filed, petitioner's attorney was granted leave to withdraw upon motion supported by his affidavit to the effect that a review of

the transcript disclosed no meritorious grounds for appeal.

Appellant's brief contains no assignment of error. Nevertheless, we have examined the record and find that it fully supports the conclusions of the court below.

Affirmed.